IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,361-01






EX PARTE FERMINE LOUIS CASTILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-677-K26 IN THE 26TH DISTRICT COURT


FROM WILLIAMSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony murder and
intoxication manslaughter and sentenced to imprisonment for thirty and twenty years, respectively.
The Third Court of Appeals affirmed his conviction for felony murder and reversed his conviction
for intoxication manslaughter. Castillo v. State, No. 03-06-00331-CR (Tex. App.-Austin June 26,
2008, pet. ref'd). 

 On March 16, 2011, we adopted the trial court's findings of fact and conclusions of law and
denied this application without written order. On May 11, we received a motion from Applicant
urging us to reconsider, on our own motion, the March 16 denial. He contends, among other things,
that the trial court's findings of fact and conclusions of law were not mailed or delivered to him and
that to obtain them he had to send a written request to the Williamson County District Clerk's Office.
He also contends that in response to his written request a representative at the District Clerk's Office
advised him that he was not entitled to a free copy of the trial court's findings and conclusions and
that he would have to pay for a copy. 

 We now reconsider and withdraw the March 16 denial on our own motion and remand this
application to the trial court for findings of fact. The trial court shall order Lisa David, the
Williamson County District Clerk, to file an affidavit in response Applicant's claims. In her
response, David shall state what her policy is regarding Article 11.07, § 7 of the Code of Criminal
Procedure. Specifically, she shall state whether under her policy she requires applicants to request
and pay for the documents listed in § 7. 

 After reviewing David's affidavit, the trial court shall make findings of fact as to what
David's policy is regarding § 7. The trial court shall also make any other findings that it deems
relevant and appropriate to the disposition of Applicant's claims.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. David's affidavit along with the trial
court's findings of fact shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: August 24, 2011

Do not publish